Filed 8/16/22  Klug v. Dee CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAYMOND A. KLUG, | B302164 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. NC060795 |
| DEREK T. DEE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge. Affirmed.

Tredway, Lumsdaine & Doyle, Roy J. Jimenez and Brandon L. Fieldsted for Plaintiff and Appellant.

Andrade Gonzalez, Sean A. Andrade and Henry H. Gonzalez for Defendant and Respondent Derek T. Dee, M.D., a Professional Corporation.

Diem Law and Robin L. Diem for Defendant and Respondent Edward Green III, a Medical Corporation.

# INTRODUCTION

Plaintiff and appellant Raymond A. Klug, M.D., a Corporation (Klug Corporation) appeals from a judgment following a jury trial on breach of contract and breach of fiduciary duty claims. The defendants and respondents are Derek T. Dee, M.D., a Professional Corporation (Dee Corporation) and Edward Green III, a Medical Corporation (Green Corporation) (together, defendants).

Klug Corporation's appeal relates in part to an erroneous pretrial ruling by the trial court. Specifically, the court summarily adjudicated a portion[1] of the breach of fiduciary duty cause of action in favor of Dee Corporation. This was error. (Code Civ. Proc., § 437c, subd. (f)(1).) But the court denied Green Corporation's request for summary adjudication of the breach of fiduciary duty claim in its entirety. The breach of fiduciary duty and breach of contract claims then proceeded to trial against defendants. Klug Corporation prevailed and recovered approximately $100,000 in damages and costs.

Klug Corporation appeals, contending the court erred— substantively, not procedurally—to the extent it granted Dee Corporation's motion for summary adjudication on the breach of fiduciary duty claim. The record provided, however, is inadequate to facilitate our review of this argument. The judgment states that the breach of fiduciary duty claim was tried against both defendants and decided in favor of Klug Corporation. Because we have not been provided with a trial transcript or an appropriate substitute or any other relevant evidence, we are unable to

---

[1] The court adjudicated two of the handful of theories of liability for breach of fiduciary duty set forth in the complaint.

determine what aspects of the fiduciary duty claim—if any—Klug Corporation was prohibited from litigating at trial. In other words, Klug Corporation has failed to establish prejudice as to any error made by the court in summarily adjudicating the breach of fiduciary cause of action in part.

We reach a similar conclusion regarding Klug Corporation's remaining argument. Klug Corporation requested an accounting in its complaint and alleged, as to the cause of action for breach of fiduciary duty, that defendants blocked Klug Corporation's access to partnership financial information near the time of the partnership dissolution. The court summarily adjudicated that claim in favor of defendants. Because Klug Corporation's substantive claims were tried and damages were awarded, there is no indication that an accounting is a proper remedy at this point.

We affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

### 1.    The Parties

Physicians Raymond A. Klug (Dr. Klug), Derek T. Dee (Dr. Dee), and Edward Green III (Dr. Green) all practiced in the Greater Long Beach Orthopaedic Surgical and Medical Group. The medical group was a partnership and the partners were corporations owned by each of the physicians practicing in the group. The corporate partners included, as pertinent here, Klug Corporation, Dee Corporation, and Green Corporation. The partnership was dissolved in late 2016 amid financial difficulties.

### 2.    The Partnership

The partnership was governed by an amended partnership agreement dated October 1, 1980. As pertinent here, the

partnership agreement provided for payments to totally disabled partners for 270 days based on a percentage of the physician's average income during the 12 months preceding the disability.

In May 2016, Dr. Klug informed the partnership that he had been diagnosed with lymphoma and was temporarily totally disabled within the meaning of the partnership agreement.

### 3. The Primary Dispute

The partnership made several payments to Klug Corporation between June and August of 2016. The parties did not agree, however, on whether the payments were properly characterized as disability payments or partnership distributions. Also around this time, Dr. Klug objected to the redistribution of overhead expenses in a manner benefitting certain partners, the manner in which partnership meetings were being held, and the withholding of partnership financial information.

### 4. The Complaint

On September 2, 2016, Dr. Klug and Klug Corporation filed the present suit against the partnership, the other corporate partners, and the other physicians who practiced in the group. A few weeks later, the corporate partners voted to dissolve the partnership, effective September 30, 2016.

The complaint sets forth four causes of action: breach of contract (i.e., the partnership agreement), breach of fiduciary duty, dissolution of the partnership, and accounting. The complaint alleges that each of the defendants breached the partnership agreement and fiduciary duties by failing to pay the full amount of disability payments required under the partnership agreement, reallocating the partnership overhead in a manner detrimental to some of the partners, and refusing to

4

disclose partnership financial information upon request. The complaint also seeks to dissolve the partnership and requests an accounting of the partnership's finances. Finally, the complaint alleges that each of the individual physician defendants is the alter ego of his corporation.

**5.      Summary Adjudication**

Dr. Dee and Dr. Green, together with their corporations, brought separate motions for summary judgment or, in the alternative, summary adjudication on each of the four causes of action.

As to Dr. Dee and Dr. Green, the court concluded they could not be liable on any of the causes of action because they were not members of the partnership. The court entered summary judgment in their favor. In a prior appeal, we reversed that judgment to the extent it purported to resolve the alter ego issue in the physicians' favor. (*Klug et al. v. Green et al.* (Jan. 26, 2021, B296904) [nonpub. opn.].)

As to the corporate defendants, the court summarily adjudicated the requests for dissolution and accounting in their favor but concluded that triable issues of material fact existed on the breach of contract claim. And as to Green Corporation, the court concluded triable issues of material fact also existed as to the breach of fiduciary duty cause of action. Dee Corporation, however, requested summary adjudication of three distinct theories of liability asserted by plaintiffs in the breach of fiduciary duty cause of action: withholding of disability payments, reorganization of overhead calculations, and denial of access to financial information. The court granted summary

adjudication on the second and third theories but denied the motion concerning the withholding of disability payments.[2]

## 6.     Jury Trial, Judgment, and Appeal

The breach of contract and breach of fiduciary duty claims against Dee Corporation and Green Corporation were subsequently tried to a jury over six days. Klug Corporation[3] prevailed on both causes of action and recovered $35,049 for unpaid disability payments and $34,388 for unpaid distributions. The court awarded $36,551.17 in costs.

Klug Corporation timely appeals.[4]

## DISCUSSION

Klug Corporation contends the court erred in summarily adjudicating two theories of liability on the breach of fiduciary claim and in denying its request for an accounting. Defendants respond that by omitting the trial proceedings from the appellate

---

[2] As noted, the court's ruling was improper. (See Code Civ. Proc., § 437c, subd. (f)(1) ["A motion for summary adjudication shall be granted only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty."].) It appears that Klug Corporation did not object and it does not raise the issue on appeal.

[3] Although Dr. Klug was also a plaintiff, the judgment is only in favor of Klug Corporation. We presume the court ruled at some point that Dr. Klug, individually, could not recover on the breach of contract and breach of fiduciary duty claims because he was not a member of the medical group partnership.

[4] Although Dee Corporation and Green Corporation each filed notices of cross-appeal, they did not pursue their cross-appeals.

6

record, Klug Corporation has failed to provide an adequate record for review. We agree with defendants.

## 1.    The Appellant's Burden on Appeal

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).)

In addition, parties must provide citations to the appellate record directing the court to the supporting evidence for each factual assertion contained in that party's briefs. When an opening brief fails to make appropriate references to the record in connection with points urged on appeal, the appellate court may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) Further, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an

appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 (*Century Surety Co.*).) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.]" (*Ibid.*)

## 2. The record is inadequate for review of the issues on the merits.

Klug Corporation challenges the court's summary adjudication ruling on the breach of fiduciary duty cause of action to the extent it granted Dee Corporation's motion. As noted, Dee Corporation moved for summary adjudication as to three theories of liability included in the complaint relating to the withholding of disability payments, reorganization of overhead calculations, and denial of access to financial information. The court granted summary adjudication on the second and third theories but denied the motion concerning the withholding of disability payments.

Klug Corporation appears to contend that it was prohibited from litigating issues relating to the reallocation of overhead calculations. But as defendants note, the appellate record does not clearly support that contention because the record does not include the trial proceedings. The absence of critical portions of the record precludes us from evaluating Klug Corporation's arguments on the merits because it is unclear whether, and to what extent, Klug Corporation was prohibited from litigating issues stated in its complaint.

First, Klug Corporation provided only one motion in limine in the record. In that motion, defendants moved to exclude evidence or argument relating to the calculation of overhead

8

expenses—one of the issues summarily adjudicated in Dee Corporation's favor. Specifically, defendants cited the following categories of evidence as irrelevant pursuant to the court's summary adjudication ruling: "1. Any evidence or argument regarding the reorganization of the overhead calculations. 2. Any evidence or argument that the application of overhead calculation to distributions was not properly approved. 3. Any evidence or argument that Plaintiffs were damaged as a result of the application of overhead calculations to partner distributions. 4. Any evidence or argument that Dr. Klug's disability payments were lower as a result of the reorganization of the overhead calculations. 5. Any evidence or argument that Dr. Klug's average monthly income for purposes of calculating disability payments was lower because the overhead calculations were not properly approved by the Group's partners." Defendants attached to their motion in limine a copy of the expert report prepared by Klug Corporation's expert accountant. In that report, the expert summarized and calculated the damages purportedly incurred by Klug Corporation as a result of the reallocation of overhead expenses. And in opposition to the motion, Klug Corporation argued that "the manner and means in which distribution and disability payments, if any, were paid to Plaintiffs by GLBO and its Partnership including the process of determining deductions such as overhead is wholly relevant to Plaintiffs' damages."

If the court had granted this motion in limine, that fact would tend to support Klug Corporation's contention that it was precluded from litigating issues relating to the reallocation of overhead expenses. The limited record we do have, however, indicates that the court did *not* grant the motion. After allowing both sides to argue the motion in limine, the court stated, "I'm

9

not going to make a ruling at this point. I'm going to see where the evidence goes. I'm not going to make a rul[ing] in a vacuum based on that. The moving party can raise an objection at any point if you believe there is an objectionable question." Because we do not have the trial transcript or the minute orders from the subsequent period of the trial, we cannot determine whether evidence regarding the reallocation of overhead calculations was, in fact, excluded during the trial.

Second, the court denied Green Corporation's motion for summary adjudication on the cause of action for breach of fiduciary duty in its entirety, and the judgment reflects that the claim was tried to a jury in a single trial against both corporate defendants. If the judgment had awarded different measures of damages as between the two corporate defendants, we might infer that Klug Corporation was prohibited from litigating all theories of liability on the breach of fiduciary duty claim against Dee Corporation pursuant to the court's prior summary adjudication ruling. But that is not the case. The judgment imposes damages against both Green Corporation and Dee Corporation without distinguishing between them.

Third, the judgment states that Klug Corporation recovered damages for both disability payments and partnership distributions, i.e., both categories of damages potentially impacted by the reallocation of overhead expenses. Thus, nothing on the face of the judgment indicates that any portion of the breach of contract or breach of fiduciary causes of action remains to be litigated.

As to the request for an accounting, we are similarly unable to evaluate Klug Corporation's contention that an accounting has

10

not been provided and is still necessary.[5] It appears from the judgment that Klug Corporation's damages claims have been resolved. It may be that the damages are incomplete due to the absence of a proper and thorough accounting. But we have no basis to make such a determination. Moreover, the report prepared by Klug Corporation's expert accountant with regard to damages includes damages calculations for the period at issue. Thus, the minimal record we have contains no indication that the court erred.[6]

---

[5] We also note that the judgment does not mention the accounting cause of action and Klug Corporation did not argue that the judgment fails to dispose of all causes of action.

[6] Green Corporation's request for sanctions is denied.

## DISPOSITION

The judgment is affirmed. Derek T. Dee M.D., a Professional Corporation and Edward Green III, a Medical Corporation shall recover their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


ADAMS, J.*


---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.